**Ylli TINAJ, Petitioner,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 04–2386–AG.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

Charles Christophe, New York, New York, for Petitioner.

David Kelley, United States Attorney for the District of Maryland, John W. Sippel, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

PRESENT: RAGGI, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

Ylli Tinaj, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's and BIA's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nonetheless, we will vacate findings that are based on flawed reasoning or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

A. *The Adverse Credibility Finding*

In this case, the IJ expressed four specific reasons for doubting Tinaj's testimony. The IJ first pointed out significant discrepancies between Tinaj's written and verbal accounts of the April 1991 demonstration. Tinaj wrote that he and his fa-

ther left the 1991 demonstration shortly after the violence began, but testified that he was personally beaten at this event. Tinaj's failure to mention the beating in his long and otherwise detailed written statement was a specific, cogent reason to doubt his testimony, and therefore the IJ properly drew an adverse inference from the omission. *See Secaida–Rosales*, 331 F.3d at 307.

The IJ was also concerned with Tinaj's apparent inability to keep straight the sequence of events. He wrote in detail about being beaten until he lost consciousness in March 1997, but testified that he received only a minor beating in 1997. He also testified about an incident with nearly identical details to that which he described in his affidavit, but indicated that it occurred in October 2000. The IJ properly drew an adverse inference from inconsistent statements about incidents that were material to Tinaj's persecution claim. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004). This Court may not hypothesize its own excuses for the inconsistency, nor is it required to credit Tinaj's post hoc explanations. *Id.; see also Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Tinaj submitted statements from his father and wife to corroborate his story, but neither of these makes any mention of his membership in the Democratic Party, or of his specific experiences with the police. However, the father's statement does, in fact, allege the facts that Tinaj needs to prove to establish a prima facie case for asylum: that the police mistreated him because he expressed his political opposition to them. This Court has found that an IJ may not deem testimony too vague unless it fails to establish the "facts corresponding to the definitional elements of 'refugee.'" *Jin Shui Qui*, 329 F.3d at 151. If an IJ may not hold an applicant's testimony to this standard, then an IJ cannot

logically hold a corroborating affidavit to such a standard either. Because the IJ relied on a partial misstatement of the record in this instance—stating that the letters made "no mention" of the incidents Tinaj described and "no explanation" for why the Socialists would target him—this factor is not a valid basis for an adverse credibility finding.

Finally, the IJ faulted Tinaj for his failure to mention any of the details of the April 2001 incident in his first application. The record reflects, however, that Tinaj did mention the incident in the first application. The IJ thus based this finding on a partial misstatement of the record, and it was therefore an improper ground on which to base the adverse finding. *See Secaida–Rosales*, 331 F.3d at 307.

■ In the present case, there are two valid bases for the finding and two that are invalid. Because this is a close case, which requires remand for a second reason, the case is remanded for reevaluation of Tinaj's credibility consistent with this order.

## B. *The CAT Claim*

■ The IJ failed to address Tinaj's CAT claim in his opinion. CAT is a distinct form of relief, with a different and more objective standard than asylum; therefore, it must be addressed independently. *See Ramsameachire*, 357 F.3d at 185. Given that the IJ failed to address CAT at all, it is impossible to determine what conclusions the IJ made about CAT, or on what basis. Therefore, the case is remanded with instructions to the agency to make a finding with respect to the CAT claim.

The decision of the BIA is accordingly VACATED and the case is REMANDED for further proceedings consistent with this decision. Having completed our re-

view, the stay of removal previously granted in this petition is VACATED.